UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COURTNEY MOTLEY,<br><br>　　　　　　　　　Petitioner,<br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:20-cv-00053-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Petitioner Courtney Motley, who is in the custody of the Nevada Department of Corrections, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (ECF No. 1-1, ECF No. 1.) Although Petitioner is using state-court financial forms, the Court has enough information to determine that Petitioner cannot pay the filing fee. The Court has also reviewed the two grounds of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Ground 1 of the petition is without merit on its face. Ground 2 of the petition is successive to an earlier habeas corpus action filed in this Court. Petitioner must show cause why the Court should not dismiss this action as an unauthorized second or successive petition under 28 U.S.C. § 2244(b).

**II.　BACKGROUND**

The Court takes judicial notice of the publicly available docket of the Eighth Judicial District Court of the State of Nevada in *State v. Motley*, Case No. C-16-318459-1 (filed Sept. 30, 2016). The following facts are adopted from the Eighth Judicial District Online

Records Portal.[1] On January 24, 2017, the state district court convicted Petitioner of one count of attempted burglary. The state district court sentenced Petitioner to a maximum term of 48 months in prison and a minimum term of 19 months in prison. The state district court also suspended the sentence and placed Petitioner on probation. The state district court entered the initial judgment of conviction on February 3, 2017. Petitioner violated the terms of his probation. On January 10, 2019, the state district court revoked Petitioner's probation and imposed the original prison sentence. The state district court entered its judgment of conviction on January 18, 2019.

The Court now takes judicial notice of the habeas corpus petition that Petitioner filed in this Court earlier, *Motley v. Dzurenda*, Case No. 2:19-cv-01963-GMN-NJK (filed Nov. 7, 2019) ("*Motley I*"). Petitioner dated that petition October 3, 2019. (*Motley I,* ECF No. 1-1 at 10.) A handwritten note on the electronic image of the envelope is dated October 25, 2019. (*Id.* at 11.) The Court received the petition on November 7, 2019. (*Id.* at 1.)

In *Motley I*, Petitioner based all but one of his claims upon a misunderstanding of Nevada's sentencing law. Petitioner claimed that once he had served 40% of his minimum term—less credit for time served in pre-sentence confinement and possibly less credit that Petitioner earned in prison—he should have been released from custody. (*Id.* at 6.) This claim was incorrect for two reasons. First, Nevada law requires a minimum term of a sentence to be no more than 40% of the maximum term. NRS § 193.130(1). Nevada law does not require release from custody upon serving 40% of the minimum term. (*Motley I*, ECF No. 3 at 2.) Second, upon serving the minimum term Petitioner becomes eligible for parole, but his sentence did not expire, and he was not entitled to release from prison. NRS § 213.120(2). Petitioner's sentence will expire only after he has served his maximum

---

[1] A person wishing to access this state-court case must enter the case number C-16-318459-1 exactly on the search line. Eighth Judicial District Court Panel, https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (last visited Feb. 14, 2020).

2

term, less credit for time served and less credit that Petitioner earned in prison.[2] (*Motley I*, ECF No. 1-1 at 2–3.) The Court thus denied the petition on its merits. (*Id.*, ECF No. 3 at 2–3.)[3] Petitioner did not appeal.

Petitioner then commenced this action. (ECF No. 1-1.) The petition contains two claims. In ground 1, Petitioner alleges again that his minimum sentence has expired because he has served enough time in prison plus the credit for time served in pre-sentence confinement. (ECF No. 1-1 at 3.) In ground 2, Petitioner alleges that his trial counsel provided ineffective assistance. (ECF No. 1-1 at 5.)[4]

## III. LEGAL STANDARD

The law limits Petitioner's ability to file a second or successive habeas corpus petition that challenges his custody pursuant to a state-court judgment of conviction:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (B)(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before Petitioner can proceed with a second or successive petition in this Court, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3).

The Ninth Circuit has explained what a "second or successive petition" is for the purposes of § 2244(b):

---

[2] The Court also noted that, to the extent that Petitioner was claiming that he had a right to be released on parole, he had no such right. (*Motley I*, ECF No. 1-1 at 3 n.2 (citing *Moor v. Palmer*, 603 F.3d 658, 662–63 (9th Cir. 2010)).)

[3] The one claim that did not involve calculation of Petitioner's sentence was a complaint of food poisoning. The Court denied the claim because it was not a challenge to the validity of Petitioner's custody. Petitioner should have raised the claim in a civil rights action pursuant to 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

[4] In ground 1, Petitioner repeats some of these allegations against trial counsel. (ECF No. 1-1 at 3.) The Court will treat those allegations as part of ground 2.

> It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L.Ed.2d 662 (2007), and if the petition challenges the same state court judgment as the initial petition, *Magwood v. Patterson*, 561 U.S. 320, 333, 130 S. Ct. 2788, 177 L.Ed.2d 592 (2010) (explaining that a writ of habeas corpus is filed "'on behalf of a person in custody pursuant to the judgment of a State court.'" (emphasis in opinion) (quoting 28 U.S.C. § 2254(b))).

*Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019).

## IV. DISCUSSION

### A. GROUND 1 IS NOT SUCCESSIVE, BUT IT LACKS MERIT ON ITS FACE

Under the framework described in *Brown*, ground 1 is not a successive petition. No new amended judgment of conviction was filed between the conclusion of *Motley I* and the commencement of this action, but the facts have changed. By now, Petitioner has served his minimum sentence, taking into credits for time served in pre-trial detention and credits earned in prison. Those facts had not occurred by the time of *Motley I*, and thus the successive petition bar of 28 U.S.C. § 2244(b) does not apply to ground 1.

However, ground 1 is without merit. Petitioner is not entitled to release upon serving the minimum term of his sentence. Instead, Petitioner becomes eligible for parole upon serving the minimum term. NRS § 213.120(2). Petitioner's sentence will not expire until he has served the maximum term of his sentence, taking into credits for time served in pre-trial detention under NRS § 176.055 and credits earned in prison under NRS § 209.4465. To the extent that Petitioner is claiming that he is entitled to be released on parole, he is incorrect. Petitioner has no constitutionally protected liberty interest in being released on parole. *Moor*, 603 F.3d 662–63; *see also* NRS § 213.10705 (stating that parole "is an act grace of the State", and "[n]o person has a right to parole"). The Court dismisses ground 1 from this action.

### B. GROUND 2 IS SUCCESSIVE

Ground 2 is a claim of ineffective assistance of counsel. (ECF No. 1-1 at 5.) Petitioner presents claims against two people, Shana Browers and Kristi Roberson. (*Id.*)

4

Petitioner alleges that Shana Browers represented him at his arraignment, guilty plea, and sentencing. (ECF No. 1-1 at 2.) Petitioner claims that: (1) Browers failed to adequately review and investigate Petitioner's case; (2) Browers failed to object to inadmissible evidence; (3) Browers failed to interview witnesses; (4) Browers failed to file a notice of appeal; and that (5) Browers did not give Petitioner his case file. (ECF No. 1-1 at 5.)

Petitioner does not allege how Kristi Roberson represented him. He does not name her in the space provided for listing counsel. (*See* ECF No. 1-1 at 2.) Petitioner alleges:

> Kristi Roberson CCS# failed to issues me transportation upon going to court on 8/13/19 9/5/19 was not present at court. Violation of my due process, 5th, 6th, 1st, 14th. While on appeal.

(ECF No. 1-1 at 5.) Roberson could not have represented Petitioner at trial, because the dates he alleges are after the state district court revoked probation and entered an amended judgment of conviction on January 18, 2019, and long after the state district court entered the original judgment of conviction on February 3, 2017. Based upon the state district court's docket, Petitioner did not appeal either judgment.[5]

Ground 2 is successive. Petitioner commenced *Motley I* at the earliest on October 3, 2019, assuming that he delivered his petition to a prison officer for mailing to this Court on the same day that he dated the petition. (*See Motley I,* ECF No. 1-1 at 10.) Browers' actions all occurred before the earliest possible commencement date of *Motley I*. Assuming for the moment that Roberson was Petitioner's attorney at some point, her actions also occurred before the earliest possible commencement date of *Motley I*. The state district court has not entered a new amended judgment of conviction between the commencement of *Motley I* and the commencement of this action. Under the framework of *Brown* ground 2 is successive, and Petitioner does not appear to have obtained authorization from the court of appeals to file a successive petition. Petitioner will need to show cause why the Court should not dismiss this action.

---

[5]Eighth Judicial District Court Panel, https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (last visited Feb. 14, 2020).

## V. CONCLUSION

It therefore is ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the filing fee of $5.00.

It further is ordered that the Clerk of the Court will file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It further is ordered that ground 1 of the petition is dismissed because it is without merit on its face.

It further is ordered that Petitioner will have 30 days from the date of entry of this order to show cause why the Court should not dismiss this action as a second or successive petition that the court of appeals has not authorized. The failure to comply with this order will result in the dismissal of this action.

It further is ordered that the Clerk will add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It further is ordered that the Clerk will electronically serve upon Respondents a copy of the petition and this order. Respondents' counsel will enter a notice of appearance herein within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

DATED THIS 14th day of February 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE