# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COURTNEY MOTLEY,<br><br>               Petitioner,<br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>               Respondents. | Case No. 3:20-cv-00053-MMD-WGC<br><br>ORDER |

This closed action is a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 by *pro se* Petitioner Courtney Motley. On March 4, 2020, the Court referred the action to the United States Court of Appeals for the Ninth Circuit for a determination under 28 U.S.C. § 2244(b)(3) whether Petitioner is authorized to proceed with a second or successive petition. (ECF No. 7.) On March 5, 2020, the Court received and filed a notice of appeal from Petitioner. (ECF No. 8.) Petitioner dated the notice of appeal March 2, 2020. (*Id.*)

It is unclear what Petitioner is trying to do with this notice of appeal. He used a state-court form for appealing a decision of a state justice court to the Eighth Judicial District Court of the State of Nevada. However, he sent the notice to this Court, and he wrote both this case's number and this Court's address on the form. It does not appear that Petitioner is trying to appeal a state justice-court decision to the state district court and sent the notice to the wrong court. According to the petition, Petitioner appealed a state-court decision to the Nevada Supreme Court, case number 80031. (ECF No. 4 at 2.) The Court has checked the publicly available on-line docket of that appeal.[1] The appeal

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57185 (report generated March 5, 2020).

is pending, briefing is in progress, and the Nevada Supreme Court has not reached a decision. There is nothing in that Nevada Supreme Court case from which Petitioner could appeal.[2] Petitioner could not be appealing the Court's order referring the action to the Ninth Circuit, because he dated the notice of appeal before the Court entered its order, and because the Court received the notice of appeal before petitioner could have received the Court's order. The last possible option is that Petitioner is trying to appeal the order of February 14, 2020, directing him to show cause why the action should not be dismissed. (*See* ECF No. 3.) Even though it was an appealable order, the Court has already referred the action to the Ninth Circuit, based upon Petitioner's application for leave to file a second or successive petition. (ECF No. 6, 7.) The notice of appeal would be redundant.

Nonetheless, the rules are clear. The Clerk of the Court must transmit the notice to the Ninth Circuit. Circuit Rule 10-1. It will be up to the Ninth Circuit to determine what to do with that appeal.

It therefore is ordered that the Clerk of the Court process the notice of appeal (ECF No. 8) and transmit it to the United States Court of Appeals for the Ninth Circuit.

DATED THIS 9th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Even if Petitioner was trying to appeal from the Nevada Supreme Court, this Court would lack jurisdiction. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). The only way that Petitioner can gain relief from custody pursuant to a state judgment of conviction is through a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

2